UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  NOT FOR PUBLICATION
RICHARD RICHARDSON,

                         Plaintiff,         **MEMORANDUM AND ORDER**
            -against-                                17-CV-2479 (PKC) (LB)

MTA JOHN DOE, MTA JANE DOE,
MRS. STEWARD,

                         Defendants.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On April 20, 2017, Plaintiff Richard Richardson, appearing *pro se*, filed this action against Defendants. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. The complaint is dismissed as set forth below.

## BACKGROUND

Plaintiff's claim consists of the following statement:

> Plaintiff Richard Richardson turn in ha[l]f fare disability card in my name on a male function [sic] with three days left on the unlimited 7 days date turn 09-27th-16 keep being told I am being investigat[ed] by the FBI on swipes - - I am entitled to damages on my civil rights violated.

(Dkt. 1, Compl. at 5.) Plaintiff is seeking to sue an unnamed MTA Metrocard Clerk employed at 3 Stone Street in Manhattan, New York, and a Mrs. Steward or an unnamed MTA Metrocard Clerk employed at 130 Livingston Street in Brooklyn, New York. (*Id.* at 2.) Plaintiff seeks the return of his half-fare card, a year's supply of unlimited half fare cards and $50,000 in damages. (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard is necessarily "less stringent" in the context of *pro se* litigants, whose complaints the Court is required to construe liberally and interpret as raising the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **LITIGATION HISTORY**

Plaintiff is no stranger to this Court. He has filed the following ten cases in the Eastern District of New York:

> *Richardson v. City of New York*, No. 04 CV 4153 (ARR)
> (stipulation and settlement) (closed Apr. 1, 2005);
>
> *Richardson v. NYC Kings County Hospital*, No. 05 CV 3415 (ARR)
> (stipulation and settlement) (closed Mar. 9, 2007);
>
> *Richardson v. YMCA*, No. 07 CV 2472 (ARR)
> (stipulation and settlement) (closed Dec. 7, 2007);
>
> *Richardson v. NYC*, No. 07 CV 2672 (ARR)
> (transferred to Southern District of New York) (closed July 31, 2007);
>
> *Richardson v. NYC*, No. 09 CV 4647 (ARR)
> (stipulation and settlement) (closed Nov. 13, 2012);
>
> *Richardson v. MTA*, No. 12 CV 5424 (ARR)

(dismissal for lack of subject matter jurisdiction) (closed Nov. 8, 2012);

*Richardson v. NYC Police Dep't*, No. 12 CV 5753 (ARR) (dismissed after bench trial) (closed June 12, 2014);

*Richardson v. Amtrak Police*, No. 14 CV 1919 (ARR) (transferred to Southern District of New York) (closed Apr. 4, 2014);

*Richardson v. Wilson*, No. 15 CV 5607 (ARR) (dismissal for lack of subject matter jurisdiction) (closed Oct. 14, 2015);

*Richardson v. Doe*, No. 16 CV 2407 (PKC) (dismissal for failure to state a claim) (closed June 14, 2016).

## **DISCUSSION**

"The Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8); *see also Goonewardena v. New York*, 475 F. Supp. 2d 310, 320 (S.D.N.Y. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The "statement should be plain because the principal function of pleadings under the Federal Rules [of Civil Procedure] is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Onwuka v. Taxi Limousine Comm'n*, No. 10–CV–5399, 2014 WL 1343125, at *3 (E.D.N.Y. Mar. 31, 2014) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

The Court construes the allegations in the Complaint to assert a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides a cause of action for anyone subjected "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. Section 1983 itself "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established

3

elsewhere." *Wilson v. New York*, No 15-CV-5321, 2015 WL 6438749, at *2 (E.D.N.Y. Oct. 22, 2015) (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a claim under Section 1983, a plaintiff must plausibly allege that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *See* 42 U.S.C. § 1983. Moreover, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). A Section 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Plaintiff's allegations, as presently stated, do not adequately state a claim under Section 1983. Plaintiff appears to allege that he was deprived of his reduced fare disability Metrocard by an unidentified MTA employee and that he is under FBI investigation. However, Plaintiff does not state when or where this happened and whether he contacted the MTA for assistance. Although the Complaint names one Defendant, Mrs. Steward, Plaintiff does not make any specific allegations against her personally. Indeed, the only factual allegation related to his alleged loss of MTA card involves a male employee, it appears. (Compl. at 5 (noting that his half fare "disability [MTA] card" was "turn[ed] in . . . on a *male* function [sic]").) Furthermore, although Plaintiff cites to the Americans with Disabilities Act ("ADA") (Compl. at 4, 6), it is unclear how the ADA is implicated here.

Accordingly, Plaintiff's complaint fails to give Defendants fair notice of his claims. Therefore, Plaintiff's complaint against Defendants is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

**CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within 30 days from the entry of this Memorandum and Order. All further proceedings shall be stayed for 30 days.

If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 17-CV-2479 (PKC) (LB). The amended complaint shall replace the original complaint. Plaintiff must comply with Rule 8 of the Federal Rules of Civil Procedure and provide facts to support a claim against each Defendant named in the amended complaint, including the date and location of the events at issue and a description of what each Defendant did or failed to do in violation of Plaintiff's civil rights.

If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 20, 2017
      Brooklyn, New York